UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALCATEL-LUCENT USA, INC., | ) | |
|       Plaintiff, | ) | |
| | ) | |
|     vs. | ) | 1:10-cv-278-LJM-TAB |
| | ) | |
| DUGDALE COMMUNICATIONS, INC., | ) | |
|       Defendant. | ) | |

**ORDER FOLLOWING APRIL 15, 2010, PRETRIAL CONFERENCE**

The parties appeared by counsel on April 15, 2010, for a pretrial conference.  Counsel were given a full opportunity to be heard on all matters before the Court.  The Court now issues the orders set forth below.

Defendant Dugdale's motion to deem requests for admissions admitted [Docket No. 83] is granted in part and denied in part.  As set forth in Defendant's motion, Plaintiff Alcatel-Lucent's responses were untimely and, frankly, some of the objections were not raised in good faith.  Perhaps that explains why the counsel who filed those responses is no longer involved in this action.  Rule 36 provides that under this scenario the Court has the discretion to have the requests deemed admitted or to permit Plaintiff to file an amended response.  Some of the requests at issue go to the heart of Defendant's counterclaims.  For example, Request No. 1 states, "Admit that Alcatel is liable under every count on which it is named in the Counterclaims."  [Docket No. 83-1.]  Deeming this request admitted would be the equivalent of granting a judgment for Defendant on its counterclaims.  This would be unduly prejudicial and would impose a harm in excess of the foul represented by Plaintiff's untimely and inappropriate discovery responses.  Accordingly, the Court will not deem Request No. 1 admitted.  For the

same reason, Request Nos. 4 and 5 will not be deemed admitted.  However, Request Nos. 2 and 3 will be deemed admitted.  These admissions would not result in the equivalent of a judgment in Defendant's favor, although such admissions are not without consequence to the Plaintiff.

A remaining discovery issue is the sufficiency of Plaintiff's responses to Defendant's interrogatories and requests for production.  Plaintiff may supplement these interrogatories, and shall produce responsive documents, by April 23, to permit the Defendant to adequately prepare for depositions scheduled to commence on May 4.  As a result of the foregoing rulings, any lingering issues regarding Plaintiff's discovery-related motions [Docket Nos. 76, 78] are resolved.

Finally, Plaintiff's amended Rule 15(a) motion to file a proposed second amended complaint [Docket No. 57] is granted.  Although Defendant objects to this motion on several bases [Docket No. 68], the only substantial argument is futility, given that leave to amend is freely granted.  And while Defendant's futility argument has some substance, Plaintiff is to be given considerable leeway in this analysis.  The standard for establishing futility is a high one. The Court concludes that Defendant has not shown futility to the extent to justify denying Plaintiff's proposed amendment.  Accordingly, Plaintiff's motion for leave to file a proposed second amended complaint [Docket No. 57] is granted, and Plaintiff shall have 21 days from the date of this order to file an amended complaint.  Plaintiff's motion for enlargement of time to file a reply in support of its motion to amend [Docket No 81] is denied as moot.

Dated:   04/19/2010

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

2

Copies to:

Alan  Cooper
Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Raegan Mackenzie Gibson
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
rgibson@beneschlaw.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
dking@woodmaclaw.com

Mark R. Waterfill
BENESCH, FRIEDLANDER, COPLAN, & ARONOFF, LLP
mwaterfill@beneschlaw.com

Jamie A. Young
WOODEN & MCLAUGHLIN LLP
jyoung@woodmaclaw.com